```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
LISA ARBERCHESKI,                        :
                    Plaintiff,           :
                                         :   05 Civ. 591 (DLC)
          -v-                            :
                                         :   OPINION AND ORDER
ORACLE CORPORATION,                      :
                    Defendant.           :
                                         :
-----------------------------------------X
```

Appearances:

For the Pro Se Plaintiff:

Lisa Arbercheski
34 Jefferson Street, Box K
Manchester, Connecticut 06040

For the Defendant:

Keith H. McCown
Mark M. Whitney
Jeffrey D. Kuhn
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, Massachusetts 02109

DENISE COTE, District Judge:

Pro se plaintiff Lisa Arbercheski ("Arbercheski") has brought this Title VII employment discrimination case against her former employer, Oracle Corporation ("Oracle"). Oracle has moved to dismiss for failure to state a claim. For the following reasons, the motion is denied.

## BACKGROUND

The following alleged facts are drawn from Arbercheski's Complaint (the "Complaint"). Arbercheski worked at Oracle from September 1, 1998 until April 5, 2002, and then again from May 6,

2002 until June 9, 2003.  She states that her employment was terminated on April 5, 2002 due to "market instability," but that she was offered a new position commencing on May 6 because she "had a great track record and progress reports" and because she "was not terminated for performance reasons."  (Emphasis in original.)

Arbercheski alleges that while employed by Oracle as an Enterprise Technology Sales Manager, she requested an investigation into "activities in [her] work environment which [she] felt were illicit."  She contends that she requested protection as a "whistleblower" because she feared retaliation from the parties against whom she complained.  The Complaint cites one example of the practices Arbercheski states she observed, namely, that

> in March 2002 I observed that CINTRA (an Oracle Partner who provides services to compliment [sic] Oracle's offerings) was billing Oracle customers for services not being provided, in addition to charging tax for the services that were not being provided (as well as services that were being provided) and negating to pay said taxes to the IRS.[1]

Arbercheski states that Oracle conducted a "mock investigation," failed to review her evidence, fabricated agreements and other documents to protect itself, and then

---

[1] Arbercheski also states in the Complaint that she filed an inquiry on this matter with the U.S. Department of the Treasury, but that "[i]n corresponding with the Treasury Department over several months, I had little interest from them; even though I had provided them with documentation of the fraud, as well as wire transfer confirmations of several hundred thousand dollars to offshore banks while they were deceiving New York State tax auditors and simultaneously filing for bankruptcy."

2

fabricated additional documents in order to terminate her employment in retaliation for her whistleblower activities. For example, she contends that Oracle's human resources office fabricated a host of documents indicating that her April 5, 2002 employment termination was due to poor performance instead of market instability.

The Complaint alleges that in April 2003, Arbercheski filed a complaint with her manager, Frank Irizarry ("Irizarry"), an Oracle Regional Vice President, "with regard to issues concerning sexual harassment, a hostile working environment, possible illegal business practices, and slander by Oracle Management." Arbercheski states that Irizarry told her that her only options were "to resign without contingencies, or [to] continue working in the current environment without resolve."[2] Arbercheski states that in response, in May 2003 she spoke to Jane Robertson ("Robertson"), Oracle's Diversity Senior Director in Human Resources, who agreed to investigate her claims. The Complaint alleges that on June 9, Heather Pflanz ("Pflanz"), an Oracle Human Resources manager, called Arbercheski, told her that her claims had no validity, and then terminated her employment without offering Arbercheski a severance package. The Complaint alleges that Pflanz told Arbercheski that she was accepting Arbercheski's resignation from April 2003. Arbercheski denies resigning in April, and contends that Oracle fabricated her

---

[2] It is assumed that "without resolve" is intended to mean "without resolution" of Arbercheski's complaint.

3

resignation.

In the Complaint, Arbercheski states that "I feel that I was constructively discharged based on the fact that I did not tender resignation and my termination was a direct result of my bringing valid concerns to Human Resources of unethical behavior within the management team." She goes on to state:

> What's more, in July 2003 my former manager, Frank Irizarry (still employed as a Regional VP within Oracle) informed me that Armen Kopoyan, a male member of the team, had been "laid off" with a severance package. I was told that because I had involved Human Resources and abided by Oracle's policies and procedures as laid out for me by Human Resources management, I could not be afforded the same status with a severance package. I feel that I, as a woman, was treated differently and given very different options and guidance than male members of my team.

Procedural History

On December 16, 2003, Arbercheski filed a charge of discrimination, retaliation, and hostile work environment with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue letter on July 20, 2004, based on its finding that the evidence failed to indicate that a violation of Title VII had occurred. A letter dated September 8, 2004 from an EEOC investigator to Arbercheski stated that it was "with reference to our telephone conversation today during which time you advised me that you had not received the determination issued concerning the above-referenced charge." The letter stated that "[a]s a courtesy, I am sending you a copy (via fax) of the determination . . . and the Dismissal and Notice of Rights

4

administered on July 20, 2004," and that "if you intend to file a lawsuit (in Federal District Court) you must do so within ninety (90) days of your receipt of this notice." Arbercheski's Complaint was received by the Pro Se Office of this Court on December 7.[3]

**DISCUSSION**

Rule 8(a) requires that the plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), Fed. R. Civ. P. Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharm., Inc. v. Broudo, 125 S. Ct. 1627, 1629 (2005) (citation omitted); see also Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Rule 8 is "not meant to impose a great burden upon a plaintiff." Broudo, slip op. at 10. Indeed, because Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, "extensive pleading of facts is not required." Wynder v. McMahon, 360 F.3d 73, 77 (2d Cir. 2004) (citation omitted). With respect to complaints of employment discrimination, such pleadings need not "contain specific facts establishing a prima facie case of discrimination" in order to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 508 (citation omitted).

---

[3] The Complaint was officially filed in the Clerk's Office on January 14, 2005.

5

To dismiss an action pursuant to Rule 12(b)(6), a court must determine that "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Scutti Enters., LLC v. Park Place Entm't Corp., 322 F.3d 211, 214 (2d Cir. 2003) (citation omitted). In construing the complaint, the court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." Id. If it is clear, however, that "no relief could be granted under any set of facts that could be proved consistent with the allegations," the complaint should be dismissed. Swierkiewicz, 534 U.S. at 514.

In its motion to dismiss, Oracle interpreted Arbercheski's Complaint as alleging that she was a victim of sexual harassment and a hostile work environment in violation of Title VII, and on that basis Oracle argued that Arbercheski had failed to state a claim. In her 55-page opposition to Oracle's motion, however, Arbercheski made repeated statements indicating that her Complaint was intended to advance a disparate treatment claim, not a harassment or hostile work environment claim.[4] She also

---

[4] For example, Arbercheski states that "[t]o the best of my understanding, my Complaint was filed based on the preferential treatment of male co-workers in similar situations to mine." She goes on to state:
> I would like to once again reiterate that my Complaint is that of discrimination based on my gender under Title VII. . . . [Opposing counsel's] misunderstanding between "sexual harassment," which by admission of Oracle did occur, and "discrimination based on my gender" is obvious, as he treats them as one in the same. <u>My Complaint was filed based on the preferential treatment of male co-workers in similar situations to my own</u> . . . .

6

made numerous statements appearing to repudiate any retaliation claim that might lurk in the Complaint.[5]

"This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." Lipton v. County of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004). See also Blouin ex rel. Estate of Pouliot v. Spitzer, 356 F.3d 348, 363 n.9 (2d Cir. 2004). Likewise, where a plaintiff expressly states in motion papers that her complaint does not allege a particular claim, such a statement "constitutes an express and binding abandonment" of the claim. Conboy v. AT&T Corp., 241 F.3d 242, 250 (2d Cir. 2001). Given the numerous statements Arbercheski has made in her opposition characterizing her claim as a disparate treatment claim and denying that she is advancing a sexual harassment or hostile work environment claim, Arbercheski is deemed to have

---

(Emphasis in original.) Arbercheski later notes that her Complaint "does not include [sexual harassment] incidents" because it "is based on . . . sexual discrimination."

[5] Arbercheski states that
> my Complaint is discrimination based on my gender . . . . Therefore [opposing counsel's] statement is true (I did inform Mr. Irizarry of "sexual harassment, a hostile working environment, possible illegal business practices, and slander by Oracle Management" . . . ), but it is taken out of context as my Complaint is discrimination based on my gender -- not sexual harassment -- and thereby has no relation to the context of his assertions that Mr. Irizarry admittedly provided different options to my male counterparts.

In her opposition to this motion, Arbercheski later attributes her termination to her "whistleblower" activities to which she refers at length in the Complaint, stating: "My termination was constructed in no small part due to my unwillingness to allow people to blithely defraud each other as well as our clients and the United States Government."

7

abandoned the latter claims.

In its reply, Oracle presses its argument that the disparate treatment claim must be dismissed. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise <u>to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's</u> race, color, religion, <u>sex</u>, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis supplied). Concluding that an "employment discrimination plaintiff need not plead a prima facie case of discrimination," <u>Swierkiewicz</u>, 534 U.S. at 515,[6] the Supreme Court observed that to hold otherwise not only would "narrowly constrict the role of the pleadings," but also would be inappropriate in certain cases, such as where a plaintiff, following discovery, may "produce direct evidence of discrimination." <u>Id.</u> at 511 (citation omitted). Additionally,

---

[6] Claims of employment discrimination brought pursuant to Title VII are analyzed under the burden-shifting approach set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-03 (1973). A plaintiff bears the initial burden of establishing a prima facie case of discrimination. <u>Williams v. R.H. Donnelly Corp.</u>, 368 F.3d 123, 126 (2d Cir. 2004). "To meet this burden, a plaintiff must show: (i) membership in a protected class; (ii) qualifications for the position; (iii) an adverse employment action; and (iv) circumstances surrounding that action giving rise to an inference of discrimination." <u>Collins v. New York City Transit Auth.</u>, 305 F.3d 113, 118 (2d Cir. 2002). An adverse employment action is one that effects a "materially adverse change in the terms and conditions of employment." <u>Sanders v. New York City Human Res. Admin.</u>, 361 F.3d 749, 755 (2d Cir. 2004) (citation omitted). Examples of such a change include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [and] significantly diminished material responsibilities." <u>Id.</u> (citation omitted).

8

the Court explained that to require more from an employment discrimination complaint than that it "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" would thwart the plain meaning of Rule 8. Id. at 512 (citation omitted).

Oracle argues that Arbercheski's Complaint fails to allege facts sufficient to establish a prima facie claim of gender-based disparate treatment. But this misstates Arbercheski's burden at the pleading stage. She must do nothing more than furnish "fair notice" of her claim and "the grounds upon which it rests." Although the Complaint devotes a scant paragraph to developing the basis for a disparate treatment claim, it identifies the relevant time period -- July 2003 -- and at least one individual, a male, who Arbercheski alleges was "'laid off' with a severance package," unlike herself, whose employment was allegedly terminated without benefits or a severance package. Oracle notes that the Complaint does not allege facts indicating that the male in question was similarly situated to Arbercheski, but rather alleges certain facts pertaining to Arbercheski's actions that represent material differences that could account for their different treatment. "Whether or not [a plaintiff] has correctly defined which employees are similarly situated to her," however, "is a question of fact that is not appropriately resolved on a motion to dismiss." Gratton v. JetBlue Airways, 04 Civ. 7561 (DLC), 2004 WL 1251786, at *8 (S.D.N.Y. May 25, 2005). Arbercheski has given Oracle fair notice of the basis of her

9

disparate treatment claim, and therefore it is inappropriate to dismiss the Complaint at this stage.

Plaintiff's claim may also be read to plead a retaliation claim. Oracle did not move to dismiss that claim, therefore the case will proceed on the basis of two claims pleaded against Oracle: one for disparate treatment in the provision of severance packages and another for wrongful termination of employment in retaliation for a complaint regarding sexual harassment and a hostile work environment.

## CONCLUSION

Oracle's motion to dismiss is denied.

SO ORDERED:

Dated: New York, New York
September 19, 2005

*[signature]*
DENISE COTE
United States District Judge