Mark M. Whitney (SDNY # MW-2648)
MORGAN, BROWN & JOY LLP
Attorneys for Defendant Oracle Corp.
200 State Street – 11th Floor
Boston, Massachusetts 02109
(617) 523-6666

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**LISA ARBERCHESKI,**

        **Plaintiff,**

v.                                                                                                05-cv-591 (DLC)

**ORACLE CORPORATION,**

        **Defendant.**
_____

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

NOW COMES, Defendant Oracle Corporation ("Oracle"), pursuant to F.R.C.P. 7(b), and hereby moves the Court to stay discovery in the above-referenced matter pending the resolution of Oracle's forthcoming motion to compel arbitration. In support of its motion, Oracle states the following:

1. On January 14, 2005, Plaintiff Lisa Arbercheski, *pro se*, filed a complaint in this Court alleging that Oracle discriminated, retaliated, and subjected her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. On June 13, 2005, Oracle filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief may be granted. This Court denied Oracle's motion to dismiss Arbercheski's complaint on September 19, 2005, but substantially narrowed the issues in

dispute finding that Arbercheski would only be able to proceed on her Title VII claims related to disparate treatment and retaliation.

2.   On October 28, 2005, the Court held an initial scheduling conference. At that time, Ms. Arbercheski was still representing herself, but indicated to the Court that she hoped to secure representation shortly. The Court entered a pre-trial schedule, but also suggested that the schedule may need to be adjusted if and when Ms. Arbercheski obtained counsel. The Court also ordered the parties to participate in court-sponsored mediation.

3.   At the scheduling conference, the Court directed Oracle's counsel to provide Ms. Arbercheski with a copy of her personnel file. In reviewing the contents of that file before production to Arbercheski, Oracle's counsel discovered for the first time that Ms. Arbercheski had apparently executed an employment contract that contained an arbitration provision. The provision specifically provided that the parties agreed to submit to final and binding arbitration of any and all disputes between the parties concerning Ms. Arbercheski's employment with Oracle.

4.   After the conference and during the December 2005/January 2006 timeframe, the vast majority of communications between defense counsel and Ms. Arbercheski related to her efforts to seek counsel. Throughout this period, Ms. Arbercheski maintained that she would be represented shortly. Ultimately, Alan Magenheim, Esq. (plaintiff's current counsel, from Texas) contacted the undersigned and engaged in discussions concerning his need to become admitted to the SDNY and coordination of court-ordered mediation.

5. The parties attended a scheduled mediation on January 24, 2006, immediately after Mr. Magenheim's SDNY admission ceremony that same day. At the mediation, the parties agreed that mediation was premature in light of the delay in the case that related in part to the length of time that it took Ms. Arbercheski's counsel to appear, and agreed to reschedule the mediation for a later date. At that time, counsel for Oracle mentioned to Mr. Magenheim that he had discovered that Ms. Arbercheski had agreed to arbitrate this dispute in her employment agreement and sought his assent to a motion to compel arbitration. Mr. Magenheim did not give or withhold his assent at that time, but indicated that he would not likely assent.

6. On February 13, 2006, Arbercheski submitted her first discovery request. Oracle has not yet answered said requests and has requested additional time to respond in light of Oracle's forthcoming motion to compel arbitration. However, parties have not been able to agree upon an extension of time for Oracle to respond to said request beyond March 27, 2006.

7. Oracle will be filing its motion to compel arbitration within the next few days.

8. Oracle contends that the discovery should be stayed pending the resolution of its motion to compel arbitration because engaging in discovery and protracted litigation is unwarranted if Arbercheski's claims are compelled to arbitration pursuant to her employment agreement. Furthermore, neither party will be prejudiced by staying discovery as the parties' right to conduct discovery will be preserved in the forum of arbitration if the Court so compels Arbercheski's claims.

9. Oracle respectfully submits that no memorandum of law is necessary in support of this motion.

WHEREFORE, Oracle respectfully requests that the Court stay discovery pending the resolution of Oracle's forthcoming motion to compel arbitration.

                    Respectfully submitted,

                    ORACLE CORPORATION,

                    By their attorneys,

Date: March 24, 2006
                    /s/ Mark M. Whitney
                    Keith H. McCown
                    Mark M. Whitney (SDNY Bar # MW-2648)
                    MORGAN, BROWN & JOY, LLP
                    200 State Street
                    Boston, MA  02109
                    (617) 523-6666
                    mwhitney@morganbrown.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2006, I filed the foregoing document with the Clerk of the Court by using the ECF system.  I further certify that I mailed a courtesy copy of this document plus the notice of electronic filing to counsel for the plaintiff, by U.S. mail, on March 27, 2006.

                    /s/ Mark M. Whitney
                    Mark M. Whitney, Esq.