```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
LISA ARBERCHESKI,                        :
                    Plaintiff,           :
                                         :           05 Civ. 0591 (DLC)
        -v-                              :
                                         :           OPINION & ORDER
ORACLE CORPORATION,                      :
                    Defendant.           :
                                         :
----------------------------------------X
```

Appearances:

For Plaintiff Lisa Arbercheski:
Alan Magenheim
Magenheim & Associates
3701 Kirby Drive, Suite 1144
Houston, TX 77098

For Defendant Oracle Corporation
Keith McCown
Mark Whitney
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109

DENISE COTE, District Judge:

Oracle Corporation ("Oracle") has moved to compel arbitration in this employment discrimination action brought against it by its former employee Lisa Arbercheski ("Arbercheski"). Oracle relies on the employment contract signed by Arbercheski in 2002, which contains a clause stating that any and all disputes arising out of Arbercheski's employment would be submitted to final and binding arbitration. Because Oracle has waived its right to arbitration, its motion is denied.

Background

Arbercheski filed her pro se complaint on January 14, 2005 ("Complaint"). Arbercheski was granted additional time to effect

service by an Order dated April 19, and effected service on Oracle on May 23. On June 13, Oracle moved to dismiss the Complaint. Oracle's motion was denied in a ten page Opinion dated September 19, 2005. See Arbercheski v. Oracle Corp., 05 Civ. 0591 (DLC), 2005 WL 2290206 (S.D.N.Y. Sept. 19, 2005).

At a scheduling conference held on October 28, Arbercheski expressed her hope to soon be represented by counsel. During the conference the parties agreed to participate in a court-sponsored mediation program and to a schedule to govern the rest of the litigation. Under the schedule, fact discovery would close on March 31, 2006 and expert discovery on June 16, 2006.

Oracle first discovered Arbercheski's employment contract in her personnel file in November 2005, after the Court ordered the file to be produced to the plaintiff. On December 8, 2005, Oracle filed its answer, which included an affirmative defense that Arbercheski's claims were barred by the arbitration agreement.

Counsel for Arbercheski, who resides in Texas, contacted Oracle by letter dated November 30, 2005. The letter represented that counsel had applied for admission to the Southern District of New York and would be sworn in shortly.

On January 24, 2006, plaintiff's counsel traveled to New York, was admitted to practice in this district, filed a notice of appearance on Arbercheski's behalf, and attended a session with the court-appointed mediator. At that session, Oracle indicated that it was considering filing a motion to compel

arbitration. The mediation was adjourned. On February 13, Arbercheski submitted a request for production of documents to Oracle. On March 6, Oracle indicated to plaintiff for the first time that it would seek arbitration. On March 24, Oracle filed a motion to stay discovery pending its motion to compel arbitration. On April 5, Arbercheski filed a motion to extend the discovery deadlines. During a telephone conference on April 10, and as reflected in an Order dated April 11, Oracle's motion to stay discovery was denied and plaintiff's motion to extend discovery was denied without prejudice to renewal following a decision on the issue of arbitration. On April 10, approximately five months after it discovered the employment agreement, Oracle filed its motion to compel arbitration.

Discussion

The plaintiff does not dispute that the arbitration agreement is valid and that it applies to her claims. Plaintiff argues, however, that defendant has waived its right to arbitration.

"There is a strong presumption in favor of arbitration and waiver of the right to arbitration is not to be lightly inferred." Thyssen, Inc. v. Calypso Shipping Corp., S.A., A.M., 310 F.3d 102, 104-05 (2d Cir. 2002) (citation omitted). "An inquiry into whether an arbitration right has been waived is factually specific and not susceptible to bright line rules." Id. at 105.

3

The Second Circuit has identified three factors that are considered in determining whether a party has waived its right to arbitration: "(1) the time elapsed from commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice." In re Crysen/Montenay Energy Co., 226 F.3d 160, 163 (2d Cir. 2000) (citation omitted). The third factor is the most important. "The key to a waiver analysis is prejudice." Thyssen, 310 F.3d at 105. There are two types of prejudice: substantive prejudice, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration; and prejudice due to excessive cost and time delay. Id. Any doubt as to whether there has been waiver should be resolved in favor of arbitration. See PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 107 (2d Cir. 1997).

A. Time Elapsed

Eleven months have elapsed between Oracle being served and its filing of the instant motion. While this delay is significant, see Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 26 (2d Cir. 1995) (noting significance of seven month delay), delay by itself is insufficient to constitute a waiver of the right to arbitrate. See Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985); see also Thyssen, 310 F.3d at 105.

B.   Amount of Litigation

This case has been actively litigated for months.  Oracle filed a motion seeking to dismiss all the claims against it, which was denied.  A scheduling conference was held.  Fact discovery has commenced and was originally scheduled to be completed by March 31, 2006.  The parties have exchanged initial disclosures and Abrercheski has served a document request to which Oracle has responded.  In short, the parties have made a significant commitment to the judicial forum.


C.   Proof of Prejudice

While it is unclear that Arbercheski will suffer substantial prejudice, she has incurred extra cost and delay from Oracle's tardy invocation of a right to arbitration.  The fact the plaintiff began this litigation pro se does not devalue the efforts that she has taken in effecting service on Oracle, opposing Oracle's motion to dismiss her claim, and attending the October 28 conference and the mediation session.  In addition, plaintiff's counsel has taken on the expense and effort of being admitted in the Southern District, traveling to New York, and beginning fact discovery.

Oracle argues that the plaintiff has not shown that she will be prejudiced by the arbitration process.  In deciding whether a right to arbitration has been waived, however, the question of prejudice is retrospective, not prospective.  Arbercheski has successfully litigated substantive issues and spent time and

5

effort advancing her case in a judicial forum.

Conclusion

Oracle's motion to compel arbitration is denied.

Dated:    New York, New York
          June 26, 2006

                                    _____
                                            DENISE COTE
                                    United States District Judge