ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONIC...
DOC #: 61
DATE FILED: 8/21/07

95080

MICROFILM AUG 22 2007

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LISA ARBERCHESKI,                       :
                    Plaintiff,          :
                                        :      05 Civ. 591 (DLC)
           -v-                          :
                                        :      MEMORANDUM OPINION
ORACLE CORPORATION,                     :           AND ORDER
                    Defendant.          :
----------------------------------------X
```

Appearances:

For Plaintiff:
Alan N. Magenheim
Magenheim & Associates
3701 Kirby Drive, Suite 1144
Houston, TX 77098

For Defendant:
Keith H. McCown
Mark M. Whitney
Morgan, Brown & Joy, LLP
200 State Street, 11th floor
Boston, MA 02109

DENISE COTE, District Judge:

On March 19, 2007, the Court of Appeals for the Second Circuit remanded an interlocutory appeal for further fact finding, granting both parties the right to restore the appeal to the jurisdiction of the same panel that issued the remand order. This Opinion contains the additional fact finding requested in the remand order, based on the parties' submissions in the interim.

The context for the remand is as follows. Lisa Arbercheski ("Arbercheski") filed a pro se Title VII action on January 14,

2005. She served her former employer Oracle Corporation ("Oracle") on May 23. Oracle's motion to dismiss was denied in an Opinion of September 19. On January 24, 2006, an attorney filed a notice of appearance on behalf of the plaintiff, and on April 10, Oracle moved to compel arbitration. The motion was denied on June 26. <u>Arbercheski v. Oracle Corp.</u>, No. 05 Civ. 591 (DLC), 2006 WL 1738046 (S.D.N.Y. June 26, 2006). A July 19 Order gave the parties until September 29 to complete discovery and until October 13 to file a summary judgment motion.

Oracle filed a notice of appeal on July 24, 2006. On October 11, the Court of Appeals issued a temporary stay pending disposition of the motion. Following oral argument, it remanded the case on March 19, 2007 for fact finding on "critically relevant" questions that the record left unanswered:

> These questions include, but are not limited to, whether the case was in fact ready for trial when the motion to compel arbitration was made; the precise nature and extent of the prejudice to the plaintiff implicated by the delay; and the extent, if any, to which appellee's <u>pro se</u> status was a factor in the determination of prejudice.

The parties were permitted to raise these and other issues they believe are appropriate. This Court was directed to grant reconsideration of the motion to compel for this purpose and to make the required findings for use on the "returned appeal."

A May 30 scheduling order permitted a renewed motion to compel arbitration, which was fully submitted on July 24. On

2

July 27, Arbercheski filed a sur-reply.  The sur-reply includes a brief affidavit in which the plaintiff documents her time and expenses during the period in which she was conducting this litigation <u>pro se</u>, and attaches email correspondence between counsel from August and September 2006 concerning the scheduling of depositions.  The answers to the remanded questions follow.

<u>Trial-Readiness</u>

This case was not ready for trial on April 10, 2006. Initial disclosures had been exchanged and Arbercheski's first document demand had been served on February 18, but the defendant had not responded to that document demand and no depositions had been scheduled or taken.  On April 11, Oracle was ordered to respond to plaintiff's February request for documents, and on July 19, discovery was ordered to be completed by September 29, 2006.  Ultimately, four depositions were taken in September.

Moreover, the plaintiff did not believe that the case was trial-ready on April 10.  By letter dated April 3, 2006, she asked for an Order compelling the defendant to produce all documents responsive to the February demand within fourteen days.  Through an April 5 motion, she asked for an extension of

3

discovery, but did not suggest a new date.[1]  Thus, although the cut-off for fact discovery had been scheduled at the October 28, 2005 initial pretrial conference for March 31, very little discovery had taken place as of the April 10 filing of the motion to compel arbitration.

Arbercheski, however, argues that there is another way to measure whether the case was trial-ready.  She points to Oracle's decision not to seek a stay of this litigation from the Court of Appeals[2] until depositions were completed and the time for Oracle to file a summary judgment motion or pretrial order documents had arrived.  Oracle filed its notice of appeal on July 24, 2006, but did not seek an emergency stay until October 6, which was a week after the close of discovery and a week before any summary judgment motion was due.  In August and

---

[1] Following a conference on April 10, and as reflected in an Order of April 11, the defendant was given until April 21 to produce the documents but further discovery was stayed pending a decision on the motion to compel arbitration.

[2] Oracle made a motion to stay discovery on March 24 in contemplation of a motion to compel arbitration.  It was denied on April 11 and Oracle was required to produce documents responsive to the plaintiff's February document requests.  The April 11 Order also permitted the plaintiff to renew her application to extend discovery beyond the March 31 cut-off in the event Oracle's motion to compel arbitration was denied. Oracle did not renew its motion before the District Court to stay discovery either after the motion to compel discovery was denied on June 26, or after it filed its notice of appeal on July 21.

4

September, Oracle took steps to procure plaintiff's medical records and took her deposition over the course of two days.

This issue is an interesting one, to which Oracle does not reply. Considering this chronology, it would appear that Oracle sought the advantages of taking discovery from the plaintiff, while preserving its right to force her to arbitrate her claims. Only by considering the litigation from this vantage point, however, is it appropriate to find that the case was trial-ready at the time Oracle sought to enforce its right to arbitrate.

Prejudice to Plaintiff

The plaintiff has shown the following limited prejudice from Oracle's delay in moving to compel arbitration. Arbercheski was required to respond to Oracle's motion to dismiss, which resulted in a denial of the motion to dismiss her disparate treatment claim on September 19, 2005. On January 20, 2006, Arbercheski produced releases for her medical records, copies of recordings in her possession, and some documents, and identified witnesses, all of which she did to fulfill her initial disclosure obligation and in anticipation of mediation. She also attended a mediation session on January 24, although the parties quickly agreed to adjourn it. Oracle will have another opportunity in arbitration to attack the disparate treatment claim, although in all likelihood its attack will be

5

limited to a defense on the merits. While neither party has attempted to show what the scope of discovery would be in arbitration, presumably it is less extensive than what occurs in litigation and may even be more limited than what Arbercheski produced on January 20. Also, Oracle does not deny that Arbercheski would not have faced the expense associated with the failed January 24 mediation effort if it had promptly moved to compel arbitration.

While Arbercheski claims prejudice from the general delay in the progress of the litigation due to Oracle's delay in bringing the motion to compel, this claim is more difficult to evaluate. If Oracle had demanded arbitration when it moved to dismiss the complaint on June 13,[3] the motion would have likely been granted no later than the date on which its motion to dismiss was resolved, that is, September 19, 2005. If Arbercheski had consented to arbitration, of course, the litigation would have been stayed immediately to permit arbitration. Oracle should have known that its employment agreement with Arbercheski contained an arbitration provision; the agreement is a standard one for Oracle, and Oracle was required to gather relevant documents to respond to Arbercheski's EEOC filing, and should have done so again when served with the complaint in this action. Moreover, it did

---

[3] The motion was fully submitted on July 14, 2005.

6

recognize in November 2005 that such a clause existed and yet waited roughly five months, until April 2006, to move to compel. During the time between September and April, Arbercheski attended an initial conference and a failed mediation, she found an attorney to represent her in this lawsuit and produced some discovery materials. Arbercheski also lost the momentum associated with the continuation of her litigation.

Arbercheski also identifies the following additional prejudice from Oracle's delay in moving to compel arbitration. She complains that she spent many hours of work and research preparing her complaint. That work would have been undertaken whether or not Oracle delayed filing its motion to compel, and therefore, this effort does not constitute prejudice.

Finally, Arbercheski points to the expense of defending her own deposition and taking three depositions. This is not prejudice that Arbercheski suffered solely because of Oracle's delay in moving to compel. Instead, only to the extent that Oracle's delay can be said to have led this Court into error when it denied the motion to compel or to stay the litigation, or that Oracle should have moved more promptly to request a stay from the Circuit, may the cost of that discovery be charged against Oracle.

7

Plaintiff's Pro Se Status

Arbercheski argues that Oracle was content to have the case litigated so long as plaintiff was proceeding pro se, but decided after plaintiff's counsel appeared that it would seek to compel arbitration if the case did not quickly settle. Oracle has not responded to this argument directly, but does rely generally in its submissions on the following chronology.

At the October 28, 2005 initial conference, plaintiff advised the Court and defense counsel that she hoped to have an attorney in the next couple of weeks. The following month, Oracle realized that the employment contract with Arbercheski contained an arbitration clause. On December 8, it included with its answer an affirmative defense that the claims were barred by the arbitration agreement. Plaintiff's counsel contacted Oracle by letter on November 30, but did not enter the case or file a notice of appearance until January 24. At the truncated mediation session on January 24, Oracle informed plaintiff's counsel that it was considering a motion to compel arbitration, and plaintiff's counsel indicated that he would likely not consent to arbitration. On April 7, Oracle filed its motion to compel after several failed efforts to get consent to arbitration from plaintiff's counsel.

This chronology suggests that Oracle may not have moved to compel arbitration if Arbercheski remained pro se. If Oracle

8

wished to arbitrate these claims, then the prudent course of action would have been to move to compel arbitration no later than the time it filed its answer. If it had done that, then it could have pursued its right to arbitrate whether or not an attorney actually appeared to represent the plaintiff. As it is, it waited to learn whether counsel would actually appear for the plaintiff and whether the action could be settled quickly. While these may have been reasonable tactical choices, these choices increased the risk that a court would find waiver and do suggest at the very least that Oracle was not diligent in enforcing its right to arbitrate.

CONCLUSION

This Opinion contains the additional finding of fact requested by the Court of Appeals in its Remand Order. The renewed motion to compel is denied.

SO ORDERED:

Dated:   New York, New York
         August 21, 2007

                                        _____
                                            DENISE COTE
                                     United States District Judge