```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
LISA ARBERCHESKI,                         :
                  Plaintiff,              :    05 Civ. 591 (DLC)
                                          :
         -v-                              :    OPINION & ORDER
                                          :
ORACLE CORPORATION,                       :
                  Defendant.              :
-----------------------------------------X
```

Appearances:

For plaintiff:

Alan N. Magenheim
Magenheim & Associates
3701 Kirby Drive, Suite 764
Houston, Texas 77098

For defendant:

Mark M. Whitney
Keith H. McCown
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109

DENISE COTE, District Judge:

  Oracle Corporation ("Oracle") has moved for partial summary judgment in this Title VII employment discrimination action brought against it by its former employee Lisa Arbercheski. Oracle seeks summary judgment dismissing Arbercheski's claims for back and front pay based on her failure to mitigate damages by undertaking the reasonably diligent search for suitable employment that the law requires. The motion is granted in part.

BACKGROUND

Arbercheski worked in various sales positions at Oracle, from September 1, 1998 until April 5, 2002, and then again from May 6, 2002 until her employment was terminated on June 9, 2003. Her most recent position was "Technology Sales Manager."

Following her separation from Oracle, plaintiff undertook few efforts to secure another job. She did nothing to seek employment for the first four months following her discharge. She secured an interview with Vonage Corporation's ("Vonage") Vice President of Sales in October or November of 2003, although she was not ultimately offered a position. Arbercheski next spoke with storage software company Legato in February or March of 2004; once its representative learned of Arbercheski's disagreement with Oracle and Oracle's unwillingness to serve as a reference for her, he told her to "give him a call" once the "the EEOC stuff is done."[1] In addition, "several people" employed at insurance and pharmaceutical companies have asked Arbercheski to contact them regarding employment once her

---

[1] On December 16, 2003, Arbercheski filed a charge of discrimination, retaliation, and hostile work environment with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue letter on July 20, 2004, based on its finding that the evidence failed to indicate that a violation of Title VII had occurred. See Arbercheski v. Oracle Corp., No. 05 Civ. 591 (DLC), 2005 WL 2290206, at *2 (S.D.N.Y. Sept. 19, 2005).

litigation with Oracle is resolved.[2]  Arbercheski did not send any cover letters with resumes to prospective employers and has no documents whatsoever reflecting any search for a job.[3]

Finally, in May 2004, Arbercheski accepted a job working as a waitress in a Hot Tomato restaurant in Connecticut.  She has not looked for any other employment since beginning her work as a waitress.  Arbercheski plans to work as a waitress "until it's no longer an issue . . . to explain to a potential new employer my situation."  She was employed at the restaurant as of her September 15, 2006 deposition.  The parties agree that the waitress job is not comparable to the positions she held with Oracle.

While currently represented by counsel, Arbercheski filed her complaint pro se on January 14, 2005, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  She claimed that she was discharged in retaliation for a complaint she filed with her manager, Frank Irizarry, concerning "sexual harassment, a hostile working environment, possible

---

[2] Arbercheski did not identify any of these conversations in responding to an interrogatory which required her to describe her efforts to seek employment, and explained in her deposition that she didn't consider such conversations to reflect efforts she made to secure employment.

[3] When asked in her deposition for documentation of her efforts to seek employment, such as cover letters, resumes, or emails to prospective employers, Arbercheski responded that she did not have any such documents.

illegal business practices, and slander by Oracle Management" and that her employment was terminated without benefits or a severance package, whereas male employees who were laid off received severance.  See Arbercheski v. Oracle Corp., No. 05 Civ. 591 (DLC), 2005 WL 2290206, at *1-*2 (S.D.N.Y. Sept. 19, 2005).

From late 2005 until early 2009, this litigation was essentially stayed due to Oracle's unsuccessful efforts to compel arbitration.  After Oracle moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., an Opinion and Order issued on September 19, 2005 denying Oracle's motion and permitting Arbercheski to proceed with claims alleging disparate treatment in the provision of severance packages and wrongful termination of employment in retaliation for a complaint regarding sexual harassment and a hostile work environment.  Id. at *2.  On April 10, 2006, Oracle moved to compel arbitration of Arbercheski's complaint.  Its motion was denied on June 26.  Arbercheski v. Oracle Corp., No. 05 Civ. 591 (DLC), 2006 WL 1738046, at *3 (S.D.N.Y. June 26, 2006).  Oracle appealed, and the Second Circuit remanded the case on March 19, 2007 for further fact finding regarding the trial-readiness of the case at the time the motion to compel arbitration was made and the prejudice the plaintiff would incur as a result of Oracle's delay in bringing the motion to compel.

Arbercheski v. Oracle Corp., 222 Fed. Appx. 49, 51 (2d Cir. 2007).  On remand, a Memorandum Opinion and Order rejected Oracle's renewed motion to compel arbitration and provided the additional facts requested by the Court of Appeals.  Arbercheski v. Oracle Corp., No. 06 Civ. 591, 2007 WL 2375100 (S.D.N.Y. Aug. 21, 2007).  Finding the record sufficient to review the motion to compel arbitration, the Second Circuit affirmed the decision to deny the motion to compel.  Arbercheski v. Oracle Corp., No. 06 Civ. 3472, 2009 WL 692114 at *1-*2 (2d Cir. Mar. 18, 2009).

Pursuant to a scheduling order of April 22, Oracle filed the instant motion for partial summary judgment on July 14, 2009, arguing that Arbercheski had not exhibited reasonable diligence in her job search and had in fact given up seeking a suitable substitute position for her position at Oracle.  Her failure to mitigate damages caused by the termination of her employment, Oracle asserted, should preclude plaintiff from recovering front or back pay under Title VII.  The motion was fully submitted on July 31.

## DISCUSSION

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The

5

moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Roe v. City of Waterbury, 542 F.3d 31, 35-36 (2d Cir. 2008).  When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" contained in the pleadings. Fed. R. Civ. P. 56(e); accord Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  That is, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Only disputes over material facts -- facts that might affect the outcome of the suit under the governing law -- will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Roe, 542 F.3d at 35.

Oracle seeks summary judgment that Arbercheski is not entitled to front pay or back pay, arguing that Arbercheski's Vonage interview, the handful of conversations she had with prospective employers, and her employment as a waitress at Hot Tomato do not represent a reasonably diligent effort to mitigate

6

her damages by finding other suitable employment after her employment with Oracle was terminated.[4]  A prevailing Title VII plaintiff "must attempt to mitigate her damages by using reasonable diligence in finding other suitable employment." Dailey v. Societe Generale, 108 F.3d 451, 455 (2d Cir. 1997) (citation omitted).  See also N.L.R.B. v. Thalbo Corp., 171 F.3d 102, 112 (2d Cir. 1999) ("a discriminatee is not entitled to back pay to the extent that he fails to remain in the labor market") (citation omitted).  A plaintiff "forfeits his right to back pay if he refuses a job substantially equivalent" to the plaintiff's former job.  Ford Motor Co. v. U.S. Equal Employment Opportunity Comm'n, 458 U.S. 219, 232 (1982).  "The claimant need not accept employment that is not comparable to his previous position; but if he accepts less prestigious work, his earnings from that job are subtracted from his back pay award." Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992).  When deciding whether a plaintiff attempted to mitigate her damages, the "ultimate question is whether the plaintiff acted reasonably in attempting to gain other employment or in rejecting proffered employment."  Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 695 (2d Cir. 1998) (citation omitted).

---

[4] A plaintiff prevailing in a Title VII action may be entitled to "back pay" and "front pay."  See Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 141, 157 (2d Cir. 2001).

"[A]n employer seeking to avoid a lost wages award bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate." Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir. 2005). The employer generally carries its burden by demonstrating "(1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." Id. (citation omitted) (the "general rule").

Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998), established an exception to these two requirements, holding that "[a]n employer . . . is released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such employment." Id. at 54 (the "Greenway exception"). The rationale for the exception "is that an employer should not be saddled by a requirement that it show other suitable employment in fact existed -- the threat being that if it does not, the employee will be found to have mitigated his damages -- when the employee, who is capable of finding replacement work, failed to pursue employment at all." Broadnax, 415 F.3d at 268 (citation omitted). An employer bears the burden of showing that the Greenway exception applies. Id. at 270 ("an employer, when arguing that a Title VII plaintiff failed to mitigate damages but seeking to avoid the requirement of showing that comparable

8

employment is available, bears the burden on the issue of whether the plaintiff made no reasonable efforts to seek alternative employment"). In Greenway, the plaintiff worked at a temporary agency for six months and completed a machinist training program, but made no other effort to find employment to replace the bartending job he had held with the defendant. Greenway, 143 F.3d at 53. The Court of Appeals vacated the awards of back and front pay, finding that the plaintiff's temporary employment and participation in a training program "did not fulfill his obligation to mitigate" as a matter of law. Id. at 54.

Oracle makes no attempt to prevail under the general rule, declining to offer any facts showing that "suitable work existed," id. at 268 (citation omitted), and instead attempts to meet its burden through the Greenway exception. The evidence does not show, however, that Arbercheski made "no reasonable efforts" to secure employment, as the Greenway exception requires, before accepting the waitress position. She interviewed for a position with Vonage and had some limited conversations with other prospective employers. While her efforts may prove too sparse to demonstrate that she "acted reasonably in attempting to gain other employment or in rejecting proffered employment," that question is only addressed

9

once the employer has carried its burden.  Hawkins, 163 F.3d at 695.

Oracle has demonstrated that once Arbercheski accepted the waitress position, she ceased all efforts to obtain other employment comparable to her previous job.  At her deposition, Arbercheski admitted that she had no plans to look for a new job until this litigation is resolved.  Oracle is entitled to summary judgment on any claim for back or front pay dating from May 2004, based on Arbercheski's failure to undertake any reasonable efforts since accepting the waitress position to secure comparable employment.

Arbercheski responds that she believed that any effort at obtaining suitable employment would be unsuccessful until her dispute with Oracle was resolved, and that her conversations with prospective employers confirmed this belief.  She explains that she could neither list Oracle as a reference on her resume nor conceal the dispute from prospective employers.

The fact remains, however, that Arbercheski took no steps to pursue employment comparable to the positions she held at Oracle once she accepted the Hot Tomato job.  Any Title VII litigant faces the same burden as Arbercheski: explaining to prospective employers that a previous position ended with a termination or other adverse action.  Cognizant of this reality, the law does not require employees to be successful in their job

10

search, but rather focuses on the reasonableness of their efforts.  See Hawkins, 163 F.3d at 695.  Arbercheski's attempts to characterize her total failure to look for alternate employment since May 2004 as "reasonable" based on her concerns about how prospective employers might perceive her relationship with Oracle is unpersuasive.  It is hard to credit her perception of employers' negative reactions when she did not even contact any employers after May 2004.  Moreover, her limited contacts with employers prior to that period, with the exception of Vonage, were admittedly informal -- she sent no resumes, cover letters, or formal applications for work, and consequently has no feedback on how an application from her would have actually been received.  A handful of conversations, all of which occurred before 2004, are not a reasonable basis for surrendering all attempts to find suitable work for a period of years.

## CONCLUSION

Oracle's July 14, 2009 motion for partial summary judgment on the issue of Arbecheski's failure to mitigate her damages is granted in part.  Arbercheski's claims for front and back pay

that have accumulated since she accepted employment with Hot Tomato in May 2004 are dismissed.

SO ORDERED:

Dated: New York, New York
August 28, 2009

                                            DENISE COTE
                            United States District Judge